PER CURIAM:
On July 26, 1987, at approximately 2:30 p.m., Richard D. Persinger and his family were travelling in his employer, Westvaco's, 1986 Ford Bronco. Westvaco leases the vehicle through D. L. Peterson. They approached the intersection of Bluestone (Route 4) and Dry Hill Road, (Route 11), Raleigh County. Mr. Persinger attempted to make a left-hand turn. There were overhanging rhododendron and white pine at the edge of the road. He was unable to see a motorcycle approaching, and an accident occurred when the motorcycle struck the Bronco. The operator of the motorcycle sued claimant. The case was settled for $25,000.00 and claimant now seeks $25,000.00 from respondent.
The day was one of bright sunshine. Mr. Persinger was towing a Datsun trailer behind the Ford Bronco. At the intersection he said he could only see approximately twenty feet up the road to the left. The motorcycle was headed toward Beckley on Dry Hill Road and Mr. Persinger's vehicle entered the highway in front of the motorcycle. He was not familiar with the accident site. He had visited this site only once and this was approximately two years prior to this incident. As he approached Dry Hill Road (Route 11), he was travelling on Bluestone (Route 4) and came to a stop sign. This was 10 to 15 feet back from where Route 11 and Route 4 intersect. Mr. Persinger was able to see the motorcycle 50 to 60 feet before the accident. He explained that the flaring on the motorcycle struck the Bronco. Bluestone (Route 4) is a two-lane, asphalt highway, and the speed limit was forty miles per hour.
*215 Mrs. Betty L. Treadway, who travels this route everyday, testified that one's visibility on Routes 11 and 4 is affected by the growth of vegetation. The vegetation has been present for the time in which she has lived in the area, which is several years.
Emerson Stover, Supervisor of Raleigh County for respondent, testified that he lived near the site of the accident. He received a complaint several summers before the time of the incident, but he could not give the exact date. He took the call himself. He observed the intersection on the day on which he received the complaint. He felt that no corrective action was necessary and he did not take any action. According to Mr. Stover, all of the vegetation is on private property. If he felt that there was a hazard on private property, he was the individual responsible for initiating the corrective action in Raleigh County.
Victor Carl Fitzwater, acting Assistant Supervisor in Raleigh County for respondent, testified that Routes 11 and 4 are State and local service roads. He had never received any complaints prior to this accident regarding this intersection. He visited this site on December 14, 1988. He observed at that time that 100 to 110 feet up the intersection an individual was putting in a driveway and that a few rhododendron bushes had been removed. He also observed that the pine trees had been topped "... apparently by the power company or someone like that." The rhododendron bushes were, at some placed, within four, eight inches of the paved portion of the highway.
There is disagreement over whether or not the vegetation posed a hazard. It borders State and local service routes which are not respondent's priority maintenance roads. The sole complaint received by respondent was investigated by a representative of the respondent, the county supervisor. For these reasons the Court is of the opinion to, and must, deny the claim.
Claim disallowed.